The Vice-Chancellor.—The
bill, admitting that T. Hulme acquired a valid title to the lands in question by his purchase at the master’s sale, asserts that he became a trustee of the title for the benefit of Gov. Tompkins, with a view to the redemption of the lands. And that such redemption was fully made, before the sale to the defendant.
Whether the agreement for redemption, or the written declaration of trust stated in the bill, were cotemporary with the master’s sale, thus in effect leaving the assignees of Gov. Tomp *610 kins, after the sale, the owners of the right to redeem, as they were before the sale took place; or whether the assignees, by their dealings with the property after Hulme received his deed, became clothed with the interest remaining in Gov. T.; the result is the same, that at the time of the sale at auction by Hulme, both Hulme and the defendant were in a fiduciary relation to the property, and the defendant could not purchase it for his private emolument.
The bill makes one or both of these cases against the defendant ; and it charges upon him knowledge of the trusts and intention with which Hulme received the title, and of the actual redemption, by the payment of the sum for which he held it as security.
The defence, is a bona fide purchase from Hulme, without notice of any of the trusts or fraudulent circumstances charged in the bill.
There is an important defect in the plea, in omitting to state to whom the consideration on the defendant’s purchase was paid. The actual payment of the consideration before receiving notice of the equities of the complainant, is conceded to be a vital element in this plea. Now in this case, if the payment were actually made to the assignees of Gov. T., it would sustain the charge in the bill that they were the equitable owners of the property, and thus overthrow the plea on the point of notice. Hence the importance of requiring a full and clear allegation of the payment of the purchase money, to the vendor under whom the defendant derives his title.
It was said, that this was an inadvertent slip in framing the plea, which the court should allow the defendant to remedy by an amendment.
The omission, it is to be observed, is not a formal or technical defect, which at first blush, would appear to be an oversight. In connection with the circumstances averred in the bill, it is a substantial point of the defence, and whatever the court might be induced to do, on a motion, founded upon proof of its being an inadvertent omission, it cannot be so treated on this occasion. (See 2 Dan. Ch. Pr. 231, Eng. ed.) Another grave consideration proper for the disposal of an application to amend, and which *611 was not fully argued at the hearing, arises upon the form of the plea and answer; which the complainant alleges, contain all the matter necessary for an answer to the bill and something more, and that the contest between the parties, instead of being narrowed by the plea to a single point, is amplified far beyond the functions of a plea, without attaining even the ordinary simplicity of an answer.
These views have induced me to refrain from giving the direction on this point which I was at first inclined to make; which was to permit the defendant to amend, unless the complainant would stipulate, that the plea and answer might stand for an answer with liberty to except, restricted so far that the defendant should not by his answer be required to set forth any account of his receipts or charges in respect of the property in question since its conveyance to him, nor any account of his sales, beyond stating to whom he has made sales, when he contracted, and when he conveyed. It occurred to me, that this course would relieve the case from the difficulties of the plea, without bringing into the litigation a mass of accounts more appropriate to the master’s office, and which would be utterly useless if the complainant should fail in sustaining his claim for an account.
To return to the plea; there is another objection to its validity which I have been unable to overcome. In reposing the defence upon the proposition that the defendant is a bona fide purchaser for a valuable consideration without notice, he necessarily admits the charges in the bill which go to make out the complainant’s title, so far as it is independent of his own. Thus, it would be wholly incompatible in the answer supporting such a plea, to deny that the complainant' was one of the heirs of Gov. Tompkins, or that Gov. T. assigned this property in trust, or that it was vested in Hulme by the foreclosure and sale of his mortgage. And it is equally incompatible to put in issue.by the answer in support of the plea, any fact stated in the bill, which does not go to countervail or disprove the defendant’s purchase .in good faith, the valuable consideration paid, or the want of notice of the complainant’s equities, (See Hare on Discov. 34.) The defendant is not only at liberty, but he is bound to deny in *612 such an answer, every allegation in the bill which, if admitted to be true, would fix him with notice, actual or constructive ; but when such allegation is not within his personal knowledge, he is merely to deny notice of it, he is not to deny its existence besides. Each denial of the existence of such allegations, creates a new issue, collateral to the point presented by the plea, and wholly unnecessary for its support.
A striking instance of this in the answer before me, is to be found in the traverse of the written declaration of trust, charged in the bill to have been executed by Hulme to Gov. Tompkins ; and there are two or three other instances of a qualified traverse of similar facts, by means of the defendant’s statement, that he believes them to be untrue.
Another defect in the answer, is the repetition of the averments in the plea of the payment of the consideration of the defendant’s purchase; there being no allegation in the bill to which these averments are responsive. (See Thring v. Edgar, 2 S. & S. 274 ; 2 Daniell’s, 119 to 128.)
The plea must be directed to stand as an answer on payment of costs by the defendant, with liberty to the complainant to except within thirty days; but this liberty is to be qualified so as to protect the defendant from the discovery as to his sales and accounts, in the manner which I have already pointed out when speaking of leave to amend.
Order accordingly.